# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN DOUGLAS MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2477-CDP |
| | ) | |
| DAVID SCHMITT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me upon review of plaintiff Kevin Douglas McGee's motion for leave to proceed *in forma pauperis*, and his amended complaint. I have reviewed the motion, and will grant it. Additionally, I will dismiss this action, without prejudice.

### Background

Plaintiff is a civil detainee. At present, he receives care and treatment from the State of Missouri Department of Mental Health at the Southeast Missouri Mental Health Center facility in Farmington, Missouri. He is a frequent *pro se* and *in forma pauperis* litigator in this Court.

Plaintiff initiated this civil action on August 30, 2019 by filing a document titled "1983 Memorandum & Petition," but he neither paid the $400 filing fee nor filed a motion for leave to proceed *in forma pauperis*. On September 5, 2019, I entered an order directing him to either pay the $400 filing fee or seek leave to proceed *in forma pauperis*, and to file an amended complaint on the proper form. In that order, I gave plaintiff clear instructions about how to prepare the amended complaint, and advised him of the necessity of alleging specific facts in support of his claims. Plaintiff has now filed an amended complaint, which I will review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Mark Stringer (the Director of the Missouri Department of Mental Health), Mike Spillane, Stephen Hawkes, Debra Miles, Dr. Rich Gowdy, Denise Hacker, and Anita Grieshaber. It appears all of the defendants are employed by the Missouri Department of Mental Health. Plaintiff states he sues Stringer, Hacker and Grieshaber in their official capacities. He does not specify the capacity in which he sues the remaining defendants. Therefore, I interpret the amended complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims.").

Plaintiff alleges he was attacked by a fellow inmate in February of 2018, and suffered bruising around his left eye and pain in his left hand. Two aides who are not named as defendants picked him up and helped him to his bed. Plaintiff reported this, and "they knew they were in trouble." "This staff was evasive" when plaintiff asked to see video from the camera. "They blew it off, they circled their wagons." Plaintiff alleges his attacker threatened him, but he does not allege any defendant was aware of that. He alleges "they" took him to the hospital to rule out fracture of his hand. Plaintiff does not state the result of that evaluation. As relief, plaintiff asks this Court to overturn his state judgment and release him, and award him $70,000,000.

**Discussion**

To the extent plaintiff filed this action seeking release from confinement, it is subject to dismissal. Federal habeas corpus, not § 1983, is the exclusive remedy to challenge the fact or

duration of confinement pursuant to the judgment of a state court. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent plaintiff seeks monetary relief, this action is subject to dismissal because the defendants are not "persons" who can be sued under § 1983. *See Will,* 491 U.S. at 71 (neither a State nor its officials acting in their official capacities are "persons" under § 1983).

Even if plaintiff had sued the defendants in their individual capacities, this action would be dismissed. Plaintiff can be understood to claim the defendants were deliberately indifferent to his serious medical needs, and that they failed to protect him from the assault. Although plaintiff's claims arise under the Fourteenth Amendment, I will analyze them using the Eighth Amendment's framework. *See Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (Fourteenth Amendment deliberate indifference claims are analyzed under the Eighth Amendment's framework), *Nelson v. Shuffman*, 603 F.3d 439, 446 & n. 3 (8th Cir. 2010) (Fourteenth Amendment failure-to-protect claims are analyzed under the Eighth Amendment's framework).

Plaintiff alleges that, after he was attacked by a fellow detainee, two aides picked him up and helped him to his bed. He also alleges he was taken to the hospital for evaluation of his hand. These allegations do not state a claim of deliberate indifference because they do not establish that any defendant knew of, and deliberately disregarded, a serious medical need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (describing the subjective element of a deliberate indifference claim). Similarly, the amended complaint fails to state a failure-to-protect claim against any named defendant because it includes no allegations that any defendant was aware of facts from which he or she could infer a substantial risk of serious harm to plaintiff, and failed to respond. *See Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (describing the subjective element of a failure-to-protect claim). Finally, plaintiff does not allege that any named defendant

was directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Therefore, for all of the foregoing reasons, I will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Plaintiff's Motions

Plaintiff has also filed a motion asking this Court to bill him in increments to satisfy the filing fee (ECF No. 3), and a motion titled "Writ of Mandamus" in which he asks this Court to order his institution's accounting department to provide him with a six-month account statement. (ECF No. 9). These motions will be denied. Plaintiff is not a prisoner. He is therefore not required to pay the full amount of the filing fee, nor is he required to provide a copy of his institution account statement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion seeking incremental billing (ECF No. 3) and his motion seeking to compel his institution to provide his account statement (ECF No. 9) are **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2020.